UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

JEROME MARTIN,

                Defendant.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

03-CR-795-5 (ERK)

Korman, *J.*:

    Jerome Martin moves *pro se* for early termination of supervised release on the grounds of his compliance record and the demands of his interstate shipping business and caring for his disabled daughter. ECF No. 740. The United States Attorney opposes the motion. ECF No. 741. The Probation Department does not object to the motion. *Id.* at 2.

    Mr. Martin pled guilty in 2006 to distribution of over fifty grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A), and Judge Trager sentenced him to 240 months' imprisonment. *Id.* at 1. On June 20, 2019, I reduced Mr. Martin's sentence under the Fair Sentencing Act and the First Step Act to 180 months' imprisonment. *Id.* at 2. Mr. Martin's supervision began on June 24, 2019, and is scheduled to conclude on June 23, 2029. *Id.*

1

18 U.S.C. § 3583 provides that I may, after considering the factors in 18 U.S.C. § 3553, terminate a term of supervised release if I am "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). "Exceptionally good behavior by the defendant" can justify early termination, as might "new or unforeseen circumstances" that were not present at sentencing. *See United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). However, "[e]arly terminations of supervised release are not lightly granted and even 'unblemished' conduct throughout the pendency of a term of supervised release is not considered to be 'exceptional' and worthy of early termination." *United States v. Dent*, No. 15-CR-606, 2023 WL 2087993, at *3 (E.D.N.Y. Feb. 17, 2023).

Mr. Martin's post-release conduct displays rehabilitation. His business, Straight Path Trucking LLC, is named after it. After six years of supervision without violation, four more years is excessive for the purposes of deterrence and public protection given Mr. Martin's post-release history and present characteristics. *See* 18 U.S.C. § 3553(a)(1)–(2). Further, my 2019 decision granting Mr. Martin a sentence reduction explained how changes in the law since 2006 rendered his original sentence excessive both generally and compared to a codefendant. ECF No. 643 at 6–9.

More importantly, Mr. Martin's present circumstances are dramatically different than when he began supervision in 2019 because he undertook the

2

responsibility of caring for his adult daughter (and her daughter, Mr. Martin's granddaughter) after she became disabled in 2021. This is a very significant and serious duty to undertake in conjunction with operating a travel-heavy business. This circumstance is a new, unforeseen, and exceptional one which, alongside Mr. Martin's conduct, justifies ending his supervision in the interests of justice. *Lussier*, 104 F.3d at 36. Moreover, the Probation Department, which has overseen the supervision, does not oppose early termination, a factor I weigh heavily. I therefore grant the motion for early termination of supervised release.

        **SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York  
May 30, 2025

Edward R. Korman  
United States District Judge